**In re Ash J. ALBRO, Debtor.**

**Ash J. Albro, Plaintiff,**

v.

**Branch Bank & Trust Co., Defendant.**

**Bankruptcy No. 04–10477–RGM.**

**Adversary No. 04–1021.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 12, 2004.

Joseph M. Goldberg, Ammerman & Goldberg, Washington, DC, for Debtor/Plaintiff.

Deborah S. Kirkpatrick, Virginia Beach, VA, for Defendant.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

This case was before the court on February 11, 2004, on the debtor's motion to turnover a 2000 Mercury Cougar automobile in the possession of Branch Bank & Trust Company and the bank's opposition.

#### Background [1]

The debtor purchased a 2000 Mercury Cougar, pursuant to an Installment Sale

---

**1.** The facts recited are those taken from the bank's amended motion for relief from stay, the debtor's motion for turnover and the proffers of counsel at the hearing. The bank filed

Contract and Security Agreement dated March 27, 2003. The debtor became in default under the terms of the agreement and on February 3, 2004, the bank repossessed the vehicle. Two days later, on February 5, 2004, the debtor filed this chapter 13 case. The following day, the bank filed a motion for relief from the automatic stay imposed by 11 U.S.C. § 362 asserting that there was cause for termination of the automatic because the debtor had failed to make two pre-petition payments[2] and that the vehicle had no equity and was not necessary for the debtor's effective reorganization. It requested relief from the automatic stay and the 10-day stay of the relief order applicable under F.R.Bankr.P. 4001(a)(3). It also requested an expedited hearing on its motion for relief from the automatic stay. The sole reason put forward justifying the request for an expedited hearing was the assertion that the debtor's plan is not confirmable because it violates the holding in *Tidewater Finance Company v. Moffett (In re Moffett)*, 356 F.3d 518 (4th Cir. 2004). The motion for an expedited hearing was denied. The hearing on the motion for relief is set for March 3, 2004.

The debtor filed his proposed plan on February 9, 2004. It proposes to bifurcate the bank's claim pursuant to 11 U.S.C. § 506 into its secured and unsecured portions. It proposes to pay the secured claim in full with interest at the contract rate. It also proposes to pay all unsecured claims—including the unsecured portion of the bank's claim—in full, but without interest. Objections to confirmation of the plan must be filed by March 26, 2004.

The debtor filed a complaint on February 9, 2004, seeking turnover of the repossessed vehicle and a motion for an expedited hearing on his motion for turnover. The bank filed an answer to the complaint on February 10, 2004. The motion was set for an expedited hearing for February 11, 2004.

### Positions of the Parties

The bank asserts that the debtor may only recover the vehicle if he pays the entire purchase price in full with interest although it acknowledges that this may be done within the confines of a chapter 13 plan. *In re Moffett.* The bank asserts that he has not proposed such a plan. While the bank's entire claim is proposed to be paid in full, the bank argues that since the plan proposes to pay interest only on the secured portion of the debt and none on the unsecured portion, the plan cannot be confirmed.

The debtor asserts that the vehicle is necessary for his effective reorganization. He is married and has five young children. The family owns only one car, the one in question. He needs the vehicle to get to work. There is no other practical means for him to get to and from work without it. He further asserts that the bank's position is at odds with 11 U.S.C. § 506(a), that his treatment of the claim is in accord with 11 U.S.C. § 1322(b)(2) and that the bank's proposed treatment would violate the proscription of 11 U.S.C. § 1322(b)(1) against unfair discrimination.

### Discussion

The parties' arguments at the hearing encompassed issues not yet before the

---

a motion for relief from stay and an amended motion for relief from stay, both on February 6, 2004. The amended motion is identical to the original, expect that the paragraphs in the original were not numbered while those in the amended motion were numbered. (Docket Entries 4 and 6).

**2.** "Albro's inability or unwillingness to fulfill all unperformed obligations under the Contract constitutes a lack of adequate protection and cause to terminate the automatic stay." Amended Motion for Relief from Stay at ¶ 11. (Docket Entry 6).

court. The sole issue before the court is whether the debtor can offer adequate assurances to the bank that its economic position will not be harmed by the return of the vehicle pending the hearing on the bank's motion for relief from the automatic stay and, if that motion is denied, the hearing on the confirmation of the debtor's chapter 13 plan. The bank's counsel admitted at the hearing that the debtor can propose a confirmable chapter 13 plan, although, he argues, the present proposed plan is not one that can be confirmed. The bank's counsel admitted that the plan is funded with enough money to pay the bank interest at the contract rate on both its secured and unsecured claims. This modification to the existing proposed plan would, however, reduce the proposed 100% dividend to all other unsecured creditors to 50%.

The question is one of adequate assurance. The debtor proffered a recent NADA valuation of the vehicle. However, a single NADA valuation does not reflect the rate of depreciation. In the absence of any better evidence and in consideration of the short time that will elapse until the various motions are heard, the appropriate adequate assurance payment is the contractual payment. The debtor proposed to make all payments to the bank through the chapter 13 plan. Until the plan is confirmed or other order of the court, the debtor will be required to make all regularly scheduled note payments directly to the bank. The amount of the payment, about $278.00, will be deducted from the pre-confirmation plan payments of $400.00 that must be made to the chapter 13 trustee pending confirmation. This will have a relatively minor impact on other unsecured creditors. The vehicle must remain insured in accordance with the contract with the bank.

*Conclusion*

The bank will be ordered to forthwith turnover the vehicle to the debtor and the debtor will be ordered to make the adequate protection payments.